IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANGELA WILLS STEMBEL**, | * | |
| Plaintiff, | * | |
| v. | * | Case No. RWT 06cv0127 |
| **CARLOS M. GUTIERREZ**, | * | |
| **U.S. SECRETARY OF COMMERCE**, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Angela Wills Stembel[1] brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), against her employer, the National Oceanic and Atmospheric Administration's National Ocean Service ("NOS"), a federal agency within the U.S. Department of Commerce. In it, she alleges three counts of racial discrimination: (1) failure to promote her to the position of GS-14 Supervisory Cartographer; (2) harassment, primarily comprising the decision by NOS to remove her from her position as Branch Chief of Electronic Navigation Charts; (3) and failure to promote her to her former position as Branch Chief, now a GS-14 position, once that position was reestablished. Defendant Carlos Gutierrez, U.S. Secretary of Commerce, moves to dismiss or in the alternative for summary judgment; Stembel moves in response for a continuance in order to conduct further discovery

---

[1] The pleadings are inconsistent as to whether Plaintiff's last name is "Wills-Stembel" or just "Stembel." This opinion uses "Stembel" throughout, in the hopes that it is correct, as this appears to be how Plaintiff spells it herself. *See* Mot. exh. 11; Opp. exh. 1.

pursuant to Fed. R. Civ. P. 56(f).  For the reasons that follow, Gutierrez's motion will be denied and Stembel's motion will be granted by separate order.[2]

## BACKGROUND

Plaintiff Stembel is a GS-13 cartographer for the NOS's Marine Chart Division. Prior to 2000, she was head of the Electronic Navigation Charts ("ENC") Branch B within the Marine Chart Division; in February 2000, she was removed, allegedly because "there should only be one ENC branch within MCD."  Complaint ¶ 20.  She was reassigned to the Quality Assurance Plans and Standards Branch; the head of the other ENC branch, a white male named David Myers, became acting chief of the combined ENC branches.  Mot. at 3. Stembel is an African-American female.  Complaint ¶ 5.

In April 2002, NOS listed a vacancy announcement for a GS-14 Supervisory Cartographer position, to manage the production of electronic navigational charts (the function of the two former ENC branches).  Opp. at 11.  Myers was selected.

On or about May 28, 2002, Stembel filed an informal complaint of discrimination on the basis of race and sex, and sought EEO counseling.  On July 31, 2002, Stembel filed a formal complaint of discrimination.  Complaint ¶ 10.

On January 2, 2005, in response to increased workload, NOS management reinstated Stembel's former branch, ENC Branch B.  Complaint ¶ 33; Mot. at 6.  However, Stembel

---

[2] Gutierrez's motion for summary judgment, Paper No. 7, is hereinafter cited as "Mot." Stembel's motion for a continuance pursuant to Fed. R. Civ. P. 56(f), Paper No. 16, is consolidated with her response in opposition to the motion for summary judgment and is hereinafter cited as "Opp."  "Repl." refers to Gutierrez's reply in support of his motion to dismiss and opposition to Stembel's motion, Paper No 19.  Finally, "Complaint" refers to the Amended Complaint, Paper No. 4.

was not selected to run it; instead, Travis Newman, a white male, was chosen.

On January 31, 2005, Stembel emailed her EEO counselor, Michelle Moore, and requested an "appointment" to discuss the reestablishment of her old branch in connection with her existing EEO complaint. Opp. exh. 1. According to Moore, they had a "discussion" in which Stembel sought information about whether she would need to file a new complaint or whether she could add the new charge to her existing complaint. Moore Decl., Mot. exh. 11, ¶ 3. When asked if she wanted to proceed with counseling, Stembel "responded that she would 'need to think about it.'" *Id.* Not until June 1, 2005, did Stembel again initiate contact and clearly express a desire to file a new discrimination complaint. *Id.* ¶ 4.

On February 15, 2006, the Defendant issued a "final agency decision" that denied Stembel's second failure to promote claim (as to the 2005 lack of reinstatement) on the grounds that she did not contact the EEO office within 45 days as required by 29 C.F.R. § 1614.105(a)(1).

## DISCUSSION

Although Defendant Gutierrez's motion is styled as a "motion to dismiss or, in the alternative, for summary judgment," it is a motion to dismiss as to only two of the three counts in the Complaint. Gutierrez argues that Count II (harassment) and Count III (failure to promote upon the reinstatement of ENC Branch B) should be dismissed for failure to exhaust administrative remedies, and that on Count I (along with Counts II and III, if not dismissed), he is entitled to summary judgment. The Court considers each argument in turn.

3

*Failure to Exhaust: Count II*

As the Fourth Circuit has observed, "[b]efore a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC. . . . The EEOC charge defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). In Count II, Stembel asserts that "the Agency, in removing her from her position as Branch Chief of ENC, thereby creating one head position occupied by the selectee, and in failing to recognize her valued accomplishments on the Agency's behalf . . . demonstrated its intention to harass Ms. Stembel by purposely denying her mobility within the Agency." Complaint ¶ 44. Stembel's EEOC charge asserted only a discriminatory failure to promote. Thus, Gutierrez argues, Count II must be dismissed for failure to exhaust: where an EEO charge "does not mention instances of alleged harassment nor . . . describe a hostile work environment," a complaint alleging harassment or a hostile work environment must be dismissed. Mot. at 11 (citing *Hejirika v. Md. Div. of Corrs.*, 264 F. Supp. 2d 341 (D. Md. 2003)).

Unlike the hostile work environment allegations in *Hejrika*, however, Count II alleges harassing conduct that is intimately related to the failure to promote. A claim need not be explicit in an EEOC charge to fall within the scope of the charge for exhaustion purposes; rather, the test is whether it falls within "the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Bryant*, 288 F.3d at 132. Stembel asserts in Count II that before Myers—the ultimate selectee in her failure to promote claim—was promoted, Stembel's position was consolidated with his, and the consolidated position was given to him. She also asserts that her ultimate "mobility within

4

the agency"—the gravamen of Count I—was handicapped by her failure to receive merit awards. Complaint ¶ 44. Notably, she does not seek compensation for any discrete adverse employment action occurring before the beginning of her EEO charge's limitation period; a recovery for such "discrete acts" that were not timely challenged through EEO counseling would, as Gutierrez observes, be forbidden by *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Rather, Count II alleges an ongoing pattern of conduct that *culminated* in a discrete act that was subject to a timely administrative challenge: Count I's failure to promote.

It is difficult to conceive of an investigation into the failure to promote that would not have encompassed an examination of Stembel's and Myers's histories with the agency, qualifications, and respective positions. Thus, if Stembel's allegations are true and are interpreted in the light most favorable to her, any investigation would have exposed precisely the conduct that Count II challenges. That conduct was the first step in a continuing course of alleged discrimination that ultimately led to Myers being promoted to Supervisory Statistician instead of her. *Cf. Bruno v. Western Elec. Co.*, 829 F.2d 957, 961 (10th Cir. 1987) (holding that the administrative exhaustion requirements of the ADEA can be met where a plaintiff alleges "a series of related acts, one or more of which falls within the limitations period"). "What's past is prologue." WILLIAM SHAKESPEARE, THE TEMPEST act 2, sc. 1.

Accordingly, although there may be some doubt as to whether the conduct alleged in Count II gives rise to an independent claim for "harassment" that can stand independently

from Count I, Count II nevertheless falls within the scope of Stembel's EEOC complaint and survives Gutierrez's motion to dismiss.

*Failure to Exhaust: Count III*

Count III, in contrast, alleges a discrete failure to promote that occurred after the promotion denied in Count I and after the EEO charge as to Count I was filed. Its allegations are wholly distinct from those in Count I and cannot fall within the scope of the original EEO charge. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 114. The question, then, is whether Stembel timely initiated EEOC administrative procedures, or whether her claim was correctly denied as time-barred.

The relevant regulation states that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or in the case of personnel action within 45 days of the effective date of this action." 29 C.F.R. § 1614.105(a)(1). Stembel undisputedly "initiate[d] contact" with her EEO counselor, Michelle Moore, and requested an appointment on January 31, 2005. *See* Opp. exh. 1. Stembel had a "discussion" with Moore—whether in person, by telephone, or by additional emails is not clear on this record—in "late January," presumably that same day or soon thereafter. *See* Mot. exh. 11. Gutierrez makes two arguments as to why these contacts are insufficient to exhaust administrative remedies: (1) Stembel failed to "convey a desire to begin the EEO process," Mot. at 12; and (2) Stembel failed to "'follow through' with the process," Repl. at 6. Both arguments fail.

The first argument requires an overly selective reading of both Stembel's initial email to Moore and Moore's affidavit. Gutierrez argues that it is not enough for Stembel to show

6

contact with her EEO counselor within the time period, and that she must also show that she communicated to her counselor an affirmative desire to commence EEO proceedings. Mot. at 12. It is unclear whether this is still the law, however. The cases Gutierrez cites rely on an earlier regulation that required that the "complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter." *See, e.g.*, *Theard v. U.S. Army*, 653 F. Supp. 536, 541 (1987) (quoting then-current 29 C.F.R. § 1613.214(a)(1)(i)). Now, the regulation requires only that a plaintiff "initiate contact" within 45 days, which Stembel did. 29 C.F.R. § 1614.105(a)(1).

Even if Stembel must meet the same test that *Theard* articulated, however, she has adequately done so. She forwarded to her counselor an email that articulated her complaint that a white male had been selected as branch chief of her old branch and indicated her desire for legal action. Opp. exh. 1. (The forwarded email was likely subject to attorney-client privilege, but whatever other effects its forwarding might have had, it sufficed to put Ms. Moore on notice of Stembel's grievance.) Moreover, she specifically inquired as to whether she would need to file a new complaint or whether she could simply add it to her current complaint. Moore Decl., Mot. exh. 11, ¶ 3. Taken together, these statements "convey a desire to begin the EEO process," as Gutierrez articulates the test.

Anticipating this conclusion, Gutierrez presents a second argument: Stembel failed to "'follow through' with the process." However, the regulations impose no diligence requirement on a plaintiff after the initial 45-day contact has been made, and this Court declines to read one into them. Indeed, once an EEO counselor is on notice of a complaint,

7

the regulations impose duties on the counselor, not the complainant. *See* 29 C.F.R. § 1614.105(b)(1) (requiring counselors, *inter alia*, to "advise individuals in writing of their rights and responsibilities, including the right to request a hearing or an immediate final decision after an investigation by the agency"); § 1614.105(d) (requiring counselors to "conduct the final interview with the aggrieved person within 30 days of the date the aggrieved person contacted the agency's EEO office to request counseling"). If Moore failed to comply with requirements such as these, or inaccurately advised Stembel that taking time to "think about it" was a viable option, *see* Moore Decl., Mot. exh. 11, ¶ 3, Stembel might well be able to make an equitable tolling or estoppel argument. *See, e.g.*, *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006). But she need not make such an argument, because she complied with the deadline imposed by the regulation to "initiate contact" with her counselor and schedule an interview. The fact that neither she nor her counselor hurried to follow up is not an obstacle to her claim.

Accordingly, Stembel has exhausted her administrative remedies as to Count III, and Count III also survives Gutierrez's motion to dismiss.

*Summary Judgment and Rule 56(f)*

The remaining bulk of Gutierrez's motion is a motion for summary judgment. Stembel, however, has moved (and supplied an affidavit) under Fed. R. Civ. P. 56(f) for a continuance to permit her to conduct discovery so that she can adequately oppose summary judgment. "Rule 56(f) requires that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006) (quotation marks omitted).

Here, Stembel asserts that she needs additional discovery so that she can obtain evidence regarding, *inter alia*, the possibility of pre-selection, which might have manifested itself through some of the conduct alleged in Count II; the evaluative process surrounding the non-promotions alleged in both Counts I and III; and the qualifications of the candidates selected on each occasion. The discovery she seeks thus goes to "facts essential to justify the party's opposition" as to all three counts. Whether Stembel can establish a *prima facie* case of discrimination, and whether she will be able to show pretext if Gutierrez demonstrates legitimate reasons for his agency's decisions, *see McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973), will depend on facts that she should have the opportunity to establish. Contrary to Gutierrez's suggestions, Stembel's requested discovery, though broad, is adequately specific to satisfy Rule 56(f). Moreover, because the need for additional discovery bears upon all counts in the complaint, the appropriate remedy is to allow the ordinary course of discovery to proceed without special limits, and to consider summary judgment if and when a party moves for it at the close of that discovery.

The Fourth Circuit has observed that "[a]s a general rule, . . . summary judgment is not appropriate prior to the completion of discovery." *Webster v. Rumsfeld*, 156 Fed. Appx. 571, 576 (4th Cir. 2005) (unpublished). It is not appropriate now for the reasons set forth above. Accordingly, Stembel's motion for a continuance will be granted by separate order, and Gutierrez's motion for summary judgment will be denied without prejudice to the filing of a renewed motion for summary judgment, raising the same or different arguments, at the close of discovery. A scheduling order will also issue forthwith.

 7/7/06  
DATE

              /s/              
ROGER W. TITUS  
UNITED STATES DISTRICT JUDGE